UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY MASON,

    Petitioner,                                               Case Number 10-12057-BC
                                                        Honorable Thomas L. Ludington
v.

MARK A. HACKEL, ERIC J. SMITH,
JAMES BIERNAT, DIANE DRUZINSKI,

    Respondents.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Rodney Duane Mason is presently confined at the Macomb County Jail in Mount Clemens, Michigan, and filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is a pre-trial detainee who is awaiting trial on charges of possession with intent to deliver 50 to 449 grams of cocaine, possession of a firearm in the commission of a felony, operating a motor vehicle with a suspended license, and possession of marijuana. Petitioner challenges the validity of the search warrant, challenges the jurisdiction of the judge to issue the felony warrant and felony complaint, claims that he is being denied the effective assistance of counsel, and claims that the state circuit court refuses to address numerous unspecified violations of his constitutional rights. As further explained below, Petitioner is not entitled to habeas relief on these claims while his criminal case is currently pending in the state courts, and his habeas petition

---

[1] Petitioner's application for a writ of habeas corpus was filed prior to his conviction for any crimes, therefore, he may only seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis*, 548 F. 3d 425, 430 n.4 (6th Cir. 2008).

will be summarily denied.

I

Petitioner's house was raided on April 1, 2009. Petitioner claims that the search warrant for this raid was defective because it lacked a supporting affidavit. Petitioner was arrested for the pending charges on July 1, 2009. Petitioner claims that the felony warrant and felony complaint are defective, because the judge who signed these documents is a judge in Grosse Pointe Farms, which is outside the jurisdiction where the criminal offenses allegedly took place. Petitioner claims that when he requested a copy of the search warrant from the prosecutor, the police gave him a new search warrant, which he suggests was obtained with a false affidavit.

Petitioner's first counsel filed a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), challenging the warrant, and the hearing took place on September 28, 2009. Shortly after this hearing, Petitioner terminated the attorney's representation and filed a pro per motion to have the affidavit to the search warrant stricken because it was not authenticated.

A second attorney was appointed, who negotiated a plea bargain for Petitioner. Petitioner claims he later withdrew his plea of guilty. Petitioner claims his second attorney withdrew from representing him when Petitioner moved to withdraw his plea.

A third attorney was appointed for Petitioner, who has filed several motions on his behalf, including a motion for an evidentiary hearing, which was held on May 14, 2010. Petitioner claims that this hearing was limited to challenges to the legality of his arrest and whether he had been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).

Petitioner claims that none of the pertinent documents to his case are on file in the Clinton Township or Warren district courts. Petitioner claims that there is no register of actions containing

the issuance of the search warrant, the prosecutor refuses to provide him with a certified affidavit or search warrant, and the trial court refuses to entertain any challenges to the search warrant.

II

Petitioner has yet to be convicted of any criminal charges in the state court case. However, a state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney Gen. of Maine*, 80 F.3d 569, 572 (1st Cir. 1996); *Hoard v. Michigan*, No. 05-73136, 2005 WL 2291000, at *1 (E.D. Mich. Sept. 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 545-46 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, may be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy Clause of the federal constitution. *See Klein v. Leis*, 548 F.3d 425, 430 n.2 (6th Cir. 2008); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992); *Moore*, 875 F.Supp. at 622 n.2.

Another exception to this rule would involve a pretrial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins*, 644 F.2d at 547. Neither exception applies to Petitioner's case.

Petitioner's Fourth Amendment challenges to the arrest or to the search and seizure must first be presented to the state courts. *See United States ex. rel. Hill v. Hendricks*, 321 F.Supp. 300, 302 (E.D. Pa. 1970). Likewise, Petitioner's claims involving alleged deficiencies in the charging documents must first be addressed by state courts. *See Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999). Any claim that Petitioner is being denied the effective assistance of counsel can likewise be addressed in the state courts. *See Malone v. Tennessee*, 432 F.Supp. 5, 5-6 (E.D. Tenn. 1976). Finally, Respondent will not be required to file an answer to the habeas petition, because it appears from the face of the application that Petitioner is not entitled to habeas relief. *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999) (citing 28 U.S.C. § 2243).

III

Petitioner must obtain a certificate of appealability before appealing the denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tenn. Dep't of Corrs.*, 265 F. 3d 369, 372 (6th Cir. 2001); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Here, Petitioner will be denied a certificate of appealability because he has failed to make a

substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). Petitioner will also be denied leave to appeal in forma pauperis, because the appeal would be frivolous. *Id.*

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 15, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS